UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 19-9946-JFW(ASx)**                                Date:  January 7, 2020

Title:      Rosaura Aguirre Cordero -v- Walmart Inc., et al.

**PRESENT:**
            **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

     Shannon Reilly                              None Present
     Courtroom Deputy                            Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                              None

**PROCEEDINGS (IN CHAMBERS):**    ORDER GRANTING PLAINTIFF'S MOTION FOR AN
                                  ORDER REMANDING ACTION TO STATE COURT
                                  [filed 12/10/2019; Docket No. 14]

On December 10, 2019, Plaintiff Rosaura Aguirre Cordero ("Plaintiff") filed a Motion for an Order Remanding Action to State Court ("Motion to Remand").  On December 23, 2019, Defendant Walmart Inc. ("Walmart") filed its Opposition.  Plaintiff did not file a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for January 13, 2020 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On June 5, 2017, Plaintiff fell while shopping at a Walmart store located in Downey, California, and sustained injuries to her back, right elbow, right shoulder, left foot, and left knee. On April 25, 2019, Plaintiff filed a Complaint against Walmart and Does 1 to 30 in Los Angeles County Superior Court, alleging claims for negligence and premises liability.  On November 7, 2019, Plaintiff filed a Doe Amendment to the Complaint naming Nelisa Blackwell as a co-defendant.  On November 14, 2019, Walmart filed a Notice of Removal of Action Pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b) ("Notice of Removal"), alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

At the time of removing this action, Walmart was apparently unaware that Plaintiff had filed a Doe Amendment naming Nelisa Blackwell as a co-defendant.[1]  In its Notice of Removal, Walmart

---

[1] Walmart's counsel offers no explanation for his failure to review the docket prior to filing the Notice of Removal.

alleged that Plaintiff was a citizen of California and that it was a citizen of Delaware and Arkansas, but failed to allege the citizenship of Defendant Nelisa Blackwell.

Plaintiff moves to remand this action, arguing in relevant part that the parties are not completely diverse, and thus that the Court lacks subject matter jurisdiction over this action.

## II. LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"*)*.

## III. DISCUSSION

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. Because Walmart has not met its burden of demonstrating that the parties are completely diverse, this action must be remanded.

Walmart does not contest that both Plaintiff and Defendant Nelisa Blackwell are citizens of California. Instead, Walmart inexplicably argues that this Court should deny Plaintiff's motion to remand based on a six-factor test that is only applicable when a plaintiff attempts to join a non-diverse party *after* removal. *See* Opposition at 5 ("In a case such as this one where a plaintiff attempts to destroy diversity through post-removal joinder of a defendant who would destroy diversity, courts apply 28 U.S.C. § 1447(c) and a six-factor test, often called the *IBC Aviation* test."). In this case, Plaintiff filed a Doe Amendment adding Nelisa Blackwell prior to the filing of Walmart's Notice of Removal. As such, this six-factor test is inapplicable. Instead, the applicable test is whether Nelisa Blackwell has been fraudulently joined, and, thus, that her presence in this action should be ignored.

"Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway*

*Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

Walmart makes no attempt whatsoever to meet its burden to demonstrate that Nelisa Blackwell was fraudulently joined. And, assuming all disputed questions of fact and ambiguities of law in favor of Plaintiff, the Court declines to find that Nelisa Blackwell was fraudulently joined. *See Vreeland v. Target Corp.*, 2010 WL 545840, at *3 (N.D. Cal. Feb. 11, 2010) (declining to find fraudulent joinder where plaintiff, who slipped and fell, alleged negligence claim against store manager for failing to maintain floor in safe condition).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This action is **REMANDED** to Los Angeles County Superior Court. The Court denies Plaintiff's request for an award of costs and fees.

IT IS SO ORDERED.